# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VALLIANCE BANK | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-541 |
| | § | Judge Mazzant |
| FIRST TENNESSEE BANK NATIONAL | § | |
| ASSOCIATION, SUCCESSOR-IN- | § | |
| INTEREST TO FIRST HORIZON HOME | § | |
| LOAN CORPORATION, A KANSAS | § | |
| CORPORATION, STAR CREEK, LLC, | § | |
| GREENSTREET PROPERTIES | § | |
| OF TEXAS, LLC, and KEITH LYON | § | |

## MEMORADUM OPINION

Pending before the Court is Plaintiff's Motion for Final Summary Judgment against Defendants Star Creek, LLC ("Star Creek"), Greenstreet Properties of Texas, LLC ("Greenstreet") and Keith Lyon ("Lyon") (Dkt. #70). The Court, having considered the relevant pleadings, finds that Plaintiff's motion for summary judgment should be granted in part and denied in part.

## BACKGROUND

This dispute arises out of a September 2008 loan transaction in which Plaintiff Valliance Bank loaned $3,300,000 to Star Creek as a bridge loan to refinance certain indebtedness owed to First Tennessee Bank, N.A., Successor-In-Interest to First Horizon Home Loan Corporation ("First Tennessee") in connection with the Star Creek development located at the southeast and southwest corners of the intersection of Watters Road and Highway 121, Allen, Texas (the "Valliance Bank Loan"). The Valliance Bank Loan was to be secured by first priority liens on two tracts of land within the development, a 6.721 acre tract and a 3.536 acre tract. At the time, First Tennessee held first priority liens on the same two subject tracts.

Pursuant to the Valliance Bank Loan transaction, Plaintiff agreed to loan $3,300,000.00 to

Star Creek to be secured by a Deed of Trust first priority lien on two parcels within the Star Creek development, to wit, a 6.721 acre tract of land and a 3.536 acre tract of land in the Francis Dosser Survey, Abstract No. 280, City of Allen, Collin County, Texas, known as Phases 3 and 4 of Star Creek Development located at Watters Road and Highway 121, Allen, Texas, more particularly described in the Deed of Trust and Security Agreement. The Court will refer to the "6.721 acre tract" and the "3.536 acre tract" as the "Property".

The promissory note from Star Creek to Plaintiff dated September 15, 2008, for the sum of $3,300,000 (the "Note") was payable as interest-only beginning October 15, 2008, until the Note's maturity date of September 15, 2010, when the entire amount of the Note became due and payable. The Note was executed on behalf of Star Creek by its Manager, Greenstreet, by its Manager, Stanley Wasserkrug. The Note references that it is secured by a Deed of Trust and security agreement dated September 15, 2008, (the "Deed of Trust") covering the Property. In the Deed of Trust, Star Creek conveyed the 6.721 acre tract and the 3.536 acre tract to Trustee Rex Yarbrough for the benefit of Valliance Bank and bound itself and its successors and assigns "to warrant and forever defend title to the Premises [defined to include the 6.721 acre tract and the 3.536 acre tract] unto Trustee, his successors and substitutes, against every person whomsoever lawfully claiming or to claim the same or any part thereof." Additionally, in Paragraph 8 of the Deed of Trust, Star Creek expressly covenanted and agreed that "Grantor [Star Creek] will not suffer or permit any lien superior or equal to the lien created hereby to attach to or be enforced against the Premises." The Deed of Trust was executed on behalf of Star Creek by its Manager, Greenstreet, by its Manager, Stanley Wasserkrug.

Greenstreet and Lyon each executed a guaranty agreement (the "Guaranty Agreements") with the effective date of September 15, 2008, unconditionally guaranteeing the prompt payment at

maturity and the prompt performance when due of all indebtedness, obligations, and liabilities of Star Creek to Valliance Bank arising out of, pursuant to and evidenced by the Note and Deed of Trust. In Paragraph 8 of the Guaranty Agreements, Greenstreet and Lyon each express that the Guaranty Agreements were executed in order to induce Plaintiff to accept the Guaranty Agreements.

The Valliance Bank Loan closed on September 25, 2008. On October 3, 2008, Star Creek and First Tennessee entered into a Modification, Renewal and Extension Agreement, which confirmed First Tennessee's lien on the 6.721 acre tract.

Star Creek defaulted on its loans with First Tennessee that were secured by First Tennessee's Deed of Trust, therefore First Tennessee foreclosed on the Property and purchased the Property on April 6, 2010, at the foreclosure sale. Plaintiff was not compensated out of the proceeds from the foreclosure sale. As a result of the foreclosure sale, Plaintiff's insurance company, Lawyers Title Insurance Corporation, paid First Tennessee $700,000 on behalf of Plaintiff to release any interest First Tennessee held in the Property so that Plaintiff could hold a first priority lien in the Property. Star Creek then defaulted on its loan with Plaintiff. Plaintiff foreclosed on the Property and recovered most of its losses due to Star Creek's default. However, there still remained a deficiency on the principal balance of the loan in the amount of $39,805.46 and accrued interest on the loan in the amount of $24,413.05 left unpaid.

Plaintiff filed suit against First Tennessee in state court. This case was removed to this Court. Plaintiff amended its Complaint to join Defendants Star Creek, Greenstreet, Stanley Wasserkrug, Stacy Rush and Lyon. Star Creek, Greenstreet, Stanley Wasserkrug, Stacy Rush, and Lyon (collectively "Star Creek Parties" or "Cross-claimants") asserted cross-claims against First Tennessee for breach of contract, fraud, and wrongful foreclosure.

First Tennessee asserted counterclaims against the Star Creek Parties for breaches of various promissory notes and guaranties. Plaintiff and First Tennessee fully and finally resolved all issues and claims between them. This case was stayed due to the bankruptcy filing of Stanley Wasserkrug and Stacy Rush, who are no longer part of the case. On July 16, 2013, Plaintiff moved to reinstate its claims against the remaining Star Creek Parties. The Court granted Plaintiff's motion to reinstate on August 30, 2013. Since that time, Plaintiff, First Tennessee, and the Star Creek Parties' own counsel have been unable to locate any of the remaining Star Creek Parties—despite substantial efforts on the part of Star Creek's former counsel.

On January 7, 2014, this Court granted the Star Creek Parties' counsel's motion to withdraw. Despite the Court's Order that Star Creek, Greenstreet and Lyon obtain new counsel "within 30 calendar days of the entry of this Order," not one of them has responded or retained new counsel. As limited liability companies, neither Star Creek nor Greenstreet may proceed in a case absent representation by counsel. On May 28, 2014, Plaintiff filed a motion for summary judgment against Star Creek, Greenstreet, and Lyon. No response was filed by any of the remaining Defendants.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party

opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

**DISCUSSION AND ANALYSIS**

Plaintiff first moves for summary judgment on its breach of contract claim against Star Creek, Greenstreet, and Lyon. In order to establish a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid, enforceable contract; (2) the plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) defendant's breach caused plaintiff's damages. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

It is undisputed that the Note and Deed of Trust were valid contracts and Plaintiff performed

all of its obligations under the terms of the Note and Deed of Trust. Star Creek breached the Note and Deed of Trust by failing to pay the amounts due under the Note as they became due, including the entire indebtedness due under the Note, when it matured on October 15, 2010. As a result of Star Creek's breach, Plaintiff foreclosed on the Property and recovered most of its losses; however, there remained a deficiency balance on the loan of $39,805.46, accrued interest as of the date of the Plaintiff's complaint in the amount of $24,413.05, and unpaid attorney's fees incurred as of the date of Plaintiff's complaint in the amount of $45,943.90. Star Creek is jointly and severally liable for this amount.

It is also undisputed that the Guaranty Agreement was a valid contract and Plaintiff performed all of its obligations under the terms of the Guaranty Agreement. Greenstreet breached the Guaranty Agreement by failing to pay the entire indebtedness due under the Note, including interest on the past due principal and interest at the maximum lawful rate, as well as all costs, attorney's fees, and expenses suffered or incurred by or on behalf of Plaintiff as a result of the default under the Note and Deed of Trust, when it matured on October 15, 2010. As a result of Greenstreet's breach, Plaintiff foreclosed on the Property and recovered most of its losses; however, there remained a deficiency balance on the loan of $39,805.46, accrued interest as of the date of the Plaintiff's complaint in the amount of $24,413.05, and unpaid attorney's fees incurred as of the date of Plaintiff's complaint in the amount of $45,943.90. Greenstreet is jointly and severally liable for this amount.

It is also undisputed that the Guaranty Agreement was a valid contract and Plaintiff performed all of its obligations under the terms of the Guaranty Agreement. Lyon breach the Guaranty Agreement by failing to pay the entire indebtedness due under the Note, including interest

on the past due principal and interest at the maximum lawful rate, as well as all costs, attorney's fees, and expenses suffered or incurred by or on behalf of Plaintiff as a result of Lyons' default under the Note and Deed of Trust, when it matured on October 15, 2010. As a result of Lyon's breach, Plaintiff foreclosed on the Property and recovered most of its losses; however, there remained a deficiency balance on the loan of $39,805.46, accrued interest as of the date of the Plaintiff's complaint in the amount of $24,413.05 and unpaid attorney's fees incurred as of the date of Plaintiff's complaint in the amount of $45,943.90. Lyon is jointly and severally liable for this amount.

Plaintiff also moves for summary judgment on its claim for statutory fraud. The Court has concerns whether this is a viable claim with regard to the facts of this case. Plaintiff brings its statutory fraud claim under § 27.01 of the Texas Business and Commerce Code. However, "[s]ection 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.--Waco 2000, pet denied). "'A loan transaction, even if secured by land, is not considered to come under the statute.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Burleson*, 27 S.W.3d at 611). Because Plaintiff does not allege any facts regarding a contract for the sale of land between the parties, § 27.01 does not apply. *See Massey v. EMC Mortgage Corp.*, 546 F. App'x 477, 482 (5th Cir. 2013); *Dorsey*, 540 F.3d at 343; *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13–CV–810, 2013 WL 3807756, at *6 (S.D. Tex. July 19, 2013); *Pradhan v. JPMorqan Chase Bank, N.A.*, No. 4:12–cv–539, 2013 WL 617061, at *3 (E.D. Tex. Feb.19, 2013). Therefore, the Court denies the motion for summary judgment on this issue.[1]

---

[1] Since there was no response by Defendants, and the Court has raised this issue, Plaintiff may ask the Court to reconsider this matter if Plaintiff can establish that the statute applies to this case.

**Attorney's Fees**

Plaintiff is entitled to its reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code due to Defendants' breach of contract. Under this section, an award of reasonable fees to the party that prevails in a breach of contract action is mandatory, but the amount of reasonable fees is discretionary. *Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004). One method of calculating reasonable attorneys' fees under section 38.001 is the "lodestar" method. *See, e.g., McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). Under Texas law, the "party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). To calculate reasonable attorneys' fees under the lodestar method, courts must first establish a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Texas courts determine reasonableness by applying the Arthur Andersen factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the expertise, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal

services have been rendered. *Id.* "[E]vidence of each of the Andersen factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.--Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.--Dallas 2009, pet. denied). Once the court has determined the lodestar, it may accept the lodestar or adjust it up or down. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); "The lodestar method aims to provide a relatively objective measure of attorney's fees," and, to ensure this, trial courts "should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees." *El Apple I*, 370 S.W.3d at 762. In this case, Plaintiff has provided no briefing on the issue. Therefore, Plaintiff shall be permitted time to brief this issue and update its summary judgment evidence with regard to attorney's fees.

## CONCLUSION

It is therefore ORDERED that Plaintiff's Motion for Final Summary Judgment against Defendants Star Creek, LLC, Greenstreet Properties of Texas, LLC, and Keith Lyon (Dkt. #70) is hereby GRANTED in part and Plaintiff is entitled to summary judgment against Defendants Star Creek, LLC, Greenstreet Properties of Texas, LLC, and Keith Lyon on its claim for breach of contract. At this time, the motion is denied as to the claim for statutory fraud.

It is further ORDERED that Plaintiff is entitled to an award of attorney's fees with regard to Plaintiff's breach of contract claim. Plaintiff shall supplement its summary judgment evidence and submit additional briefing on the issue of attorney's fees within fourteen days of this Order.

**SIGNED** this 11th day of August, 2014.

  _____
  AMOS L. MAZZANT
  UNITED STATES MAGISTRATE JUDGE