# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VALLIANCE BANK | § | |
| | § | |
| v. | § | Case No. 4:10cv541 |
| | § | (Judge Mazzant) |
| FIRST TENNESSEE BANK, N.A., | § | |
| SUCCESSOR-IN-INTEREST TO FIRST | § | |
| HORIZON HOME LOAN | § | |
| CORPORATION, STAR CREEK, LLC, | § | |
| GREENSTREET PROPERTIES OF | § | |
| TEXAS, LLC AND KEITH LYON | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiff's [post judgment request] Brief on Reasonable and Necessary Attorneys' Fees (Dkt. #78). After considering the relevant pleadings, the Court finds that the motion should be granted.

On August 11, 2014, the Court granted in part Plaintiff's motion for final summary judgment against Defendants Star Creek, LLC, Greenstreet Properties of Texas, LLC, and Keith Lyon (Dkt. #70). The Court also found that Plaintiff was entitled to attorneys' fees and allowed Plaintiff to brief the issue. On August 20, 2014, Plaintiff timely filed a brief on the issue of attorneys' fees (Dkt. #78). No response was filed.

In Texas, a party who prevails on a cause of action for breach of contract is entitled to receive its reasonable and necessary attorneys' fees from the losing party. Tex. Civ. Prac. & Rem. Code § 38.001.

Plaintiff is entitled to its reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practice & Remedies Code due to Defendants' breach of contract. Under this section, an award of reasonable fees to the party that prevails in a breach of contract action is mandatory, but

the amount of reasonable fees is discretionary. *Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004). One method of calculating reasonable attorneys' fees under section 38.001 is the "lodestar" method. *See, e.g., McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). Under Texas law, the "party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). To calculate reasonable attorneys' fees under the lodestar method, courts must first establish a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Texas courts determine reasonableness by applying the *Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the expertise, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Id.* "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.--Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298

S.W.3d 305, 318 (Tex. App.--Dallas 2009, pet. denied). Once the court has determined the lodestar, it may accept the lodestar or adjust it up or down. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); "The lodestar method aims to provide a relatively objective measure of attorney's fees," and, to ensure this, trial courts "should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees." *El Apple I*, 370 S.W.3d at 762.

The first step in the lodestar analysis requires a determination of the reasonable number of hours expended by Plaintiff's counsel, as well as the reasonable hourly rate. Plaintiff offers time records and an affidavit in support of the application for $104,575 in attorneys' fees and costs for the prosecution of this case. Plaintiff asserts that a reasonable hourly rate for Mr. Wheatley and Ms. Forrest is $325.00, and a reasonable hourly rate for paralegal time is $150.00 per hour. The Court finds that the rates and hours requested are reasonable. The Defendants do not respond, and the Court finds no reason to alter the lodestar fee.

It is therefore ORDERED that Plaintiff's Request for attorneys' fees (Dkt. #78) be GRANTED and that Defendants Star Creek, LLC, Greenstreet Properties of Texas, LLC and Keith Lyon, jointly and severally, are ORDERED to pay the sum of $104,575 for attorneys' fees to Plaintiff.

It is further ORDERED that Defendants Star Creek, LLC, Greenstreet Properties of Texas, LLC and Keith Lyon, jointly and severally, are ORDERED to pay all costs of court.

**SIGNED this 8th day of October, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE